UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH GENTILE,

              Petitioner,

v.

SUPERINTENDENT LATONA and
NEW YORK STATE BOARD OF PAROLE,

              Respondents.

1:21-CV-01095-JLS-MJR

REPORT and RECOMMENDATION

---

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable John L. Sinatra, Jr., for all pre-trial matters, including dispositive motions. For the following reasons, the Court finds that Petitioner has requested to voluntarily withdraw his habeas petition (Dkt. No. 67) and recommends that the case be dismissed without prejudice.

## BACKGROUND

On October 6, 2021, Petitioner Joseph Gentile submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. No. 1). Gentile claims that, despite being granted "parole-release" by the New York State Board of Parole, the superintendent of Collins Correctional Facility has refused to release him to parole supervision. *Id.*, at 1, 4. Following initial screening, Petitioner was granted *in forma pauperis* status and Respondents were ordered to file and serve an answer or otherwise respond. (Dkt. No. 11).

On February 17, 2022, Respondents moved to dismiss under Fed. R. Civ. P. 12(b)(6) on the ground that the habeas corpus petition is unexhausted in the state courts.

(Dkt. No. 38). Petitioner filed a response in opposition to the motion to dismiss, (Dkt. No. 52), to which Respondents replied (Dkt. No. 53).

Petitioner subsequently retained counsel to represent him. Frank Bogulski, Esq. put in a notice of appearance on Petitioner's behalf and moved for a status conference to be scheduled. (Dkt. Nos. 55, 57). Respondents opposed the request for a status conference in light of the motion to dismiss having been fully briefed. (Dkt. No. 58).

Upon referral of the matter to the undersigned, this Court set a date for oral argument on the motion to dismiss. Prior to the argument date, counsel for Petitioner filed a supplemental memorandum in opposition to the motion to dismiss (Dkt. No. 60) and Respondents filed a supplemental reply (Dkt. No. 65). Oral argument was held before this Court on November 17, 2022.[1]

On November 28, 2022, the Court received a letter from Petitioner stating the following: "I ask this honorable court allow me to withdraw my writ of habeas corpus on the grounds that my retained counsel Mr. Frank Bogulski, Esq. misrepresented petitioner's sound legal arguments. As of this date Mr. Frank Bogulski Esq. no longer represents petitioner on the above listed writ of habeas corpus, nor in any other legal proceedings, state or federal." (Dkt. No. 67). Petitioner's letter goes on to assert that Mr. Bogulski never contacted Petitioner or consulted with him despite receiving a retainer payment. (*Id.*). He further states that he believes Mr. Bogulski misrepresented petitioner's position and that his actions have "prejudiced the writ of habeas corpus before this honorable court." (*Id.*). Petitioner specifies that "[whether] this honorable court dismisses

---

[1] The Court invited further briefing on the issues, however those deadlines were suspended pending resolution of Petitioner's motion for voluntary dismissal. (Dkt. Nos. 66, 70).

the above mentioned writ of habeas corpus with or without prejudice is completely at the discretion of [the court]." (*Id.*).

After receiving the letter, the Court issued a text order confirming receipt of Petitioner's request to voluntarily withdraw his petition and release his counsel of record. (Dkt. No. 68). The Court cautioned Petitioner that discontinuation of this action could result in his being time-barred from pursuing further federal habeas corpus relief under 28 U.S.C. 2244(d)(1). (*Id.*). By such order, the Court allowed Petitioner a period of time exceeding 30 days in which he could notify the Court of any decision not to withdraw, and, in the absence of such notification, the Court advised that it would recommend to the District Court that the motion to withdraw be granted and the habeas petition be dismissed without prejudice. (*Id.*).

The Court has received no further communication from Petitioner, nor Mr. Bogulski, to date. Respondents have raised no objection to Petitioner's request for withdrawal of the petition.[2]

## DISCUSSION

The Court construes Petitioner Gentile's letter as a motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. Rule 41(a)(2), which governs voluntary dismissals, applies to federal habeas proceedings. *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D. Ala. 1999). Rule 41(a)(2) provides that, except where all parties agree to a stipulation of dismissal, "an action may be dismissed at the plaintiff's request

---

[2] By letter dated December 1, 2022, counsel for Respondents observed that "Petitioner apparently intends to pursue habeas relief in the U.S. District Court for the Southern District of New York. *See Gentile v. Burnett*, No. 22-cv-8411 (SDNY), Dkt. No. 11 at 14 (order of November 14, 2022, granting leave to file 28 U.S.C. § 2254 petition), Dkt. No. 13 (Gentile letter dated November 18, 2022)." (Dkt. No. 69, pg. 1 n.1).

only by court order, on terms that the court considers proper." Voluntary dismissal without prejudice is thus not a matter of right. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Although voluntary dismissal under Rule 41(a)(2) is not available as of right, "the presumption in this circuit is that a court should grant a dismissal pursuant to 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *BD v. DeBuono*, 193 F.R.D. 117, 123 (S.D.N.Y. 2000).

"In determining whether to grant a motion to dismiss pursuant to Rule 41(a)(2), a court considers (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Baiul v. NBC Sports.*, 708 Fed. Appx. 710, 713-14 (2d Cir. 2017) (summary order) (citing *Zagano*, 900 F.2d at 14). In addition, dismissal without prejudice is improper "if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Baiul*, 708 Fed. Appx. at 714 (citations omitted).

At this time, the Court determines that Petitioner's request to withdraw his habeas petition should be accepted and the matter should be dismissed without prejudice. Respondents have raised no objection to the request and no significant prejudice to Respondents will result from dismissal. Indeed, Respondents' own pending motion to dismiss seeks to have this action dismissed without prejudice on the basis that Petitioner has available and unexhausted state court remedies. (*See* Dkt. No. 38-3 ("[T]his Court should dismiss petitioner's wholly unexhausted federal habeas action without prejudice, to enable him to exhaust his remaining article 78 remedies in state courts before seeking federal intervention.")). The mere prospect of having to defend a second suit, in this case

4

a second habeas petition, is not enough to prejudice the respondents. *See United States ex rel. Staples v. Cowan*, 00-C-4908, 2001 U.S. Dist. LEXIS 3532, at *5 (N.D. Ill. Mar. 20, 2001) (citing *Puerto Rico Maritime Shipping Authority v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981)).

Further, consideration of the *Zagano* factors counsels in favor of granting the motion for voluntary dismissal. Petitioner's letter makes clear his intent to withdraw this petition. His request was made diligently, immediately following argument on Respondents' motion to dismiss. Further, the action has not progressed to a point that makes dismissal unreasonable. Respondents' motion to dismiss has been partially briefed but is not yet considered submitted to this Court for decision/report and recommendation. The Court does acknowledge that the Government has certainly expended time and effort litigating this action thus far. However, the Government has not answered the petition, no hearing has been held, and the Court has not addressed the petition on its merits. Finally, although it is difficult for the Court to assess the adequacy of Petitioner's reasons for seeking withdrawal, there is no indication that this motion was made in bad faith or to avoid an unfavorable decision on the merits.

## CONCLUSION

For the foregoing reasons, the Court recommends granting Petitioner's motion to withdraw his habeas corpus petition and further recommends that this action be dismissed without prejudice.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court. It is further **ORDERED** that a copy of this Report and Recommendation be mailed to Petitioner at Mohawk Correctional Facility.

Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Sinatra.

**Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.** See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:   January 17, 2023
         Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge